Oscar Pagán-Rosell, Plaintiff and Appellant, *v.* Heirs of
Juan Rivera-Vélez, Defendants and Appellees.

No. 4507.   Argued June 21, 1928.—Decided July 23, 1928.

*José Sabater* for the appellant.   *Oscar Souffront* for the appellees.

Mr. Justice Texidor delivered the opinion of the court.

It was alleged in his complaint by Oscar Pagán y Rosell,
plaintiff and appellant, that by a deed of November 15, 1926,
he bought from Juan Rivera Vélez and his wife a rural property of 75 acres, or 29 hectares, 47 ares and 79 centiares, in
the wards of Mayagüez Arriba and Quemado of the district
of Mayagüez for $7,000, taking possession of the property;
that a month before filing his complaint, "while making a
tour of inspection of the property the plaintiff found that a
conduit had been constructed for the Mayagüez aqueduct on
a part of the property measuring 1,080 square meters, or an
area 270 meters long by 4 meters wide, occupying a parcel
of the property of the plaintiff bounded on the north and
south by the Yagüez river and on the east and west by the
remainder of the property"; that he prepared to plant that
parcel, but was stopped by a watchman of the municipality
of Mayagüez who informed him that the municipality had
acquired the use of the land by a grant from the previous
owner, that being the first notice which the plaintiff had of
such concession; that when he requested the municipality to
remove the conduit he was shown the original copy of the
deed executed by Juan Rivera Vélez granting to the municipality of Mayagüez full use of the land for the installation
of the conduit of the municipal aqueduct for a paid price.
He alleged that when the property was sold to him the vendor
did not mention in the deed the existence of that incumbrance,
nor notify the vendee that there was such a servitude, but

on the contrary, it was made to appear that the property was free from charges. He also alleged that upon the death of the vendor, Juan Rivera y Vélez, he was succeeded by the present defendants as his heirs. It was alleged that the servitude in favor of the municipality is not recorded in the registry and the plaintiff had no knowledge of it until a month before he filed his complaint; that the servitude decreases the value of the property by rendering the occupied part unfit for planting and use, estimating the damages at one thousand dollars. He prayed that the defendants be adjudged to pay to the plaintiff the' sum of one thousand dollars and the costs.

The defendants demurred on the ground of lack of facts sufficient to constitute a cause of action. After argument on the demurrer the court rendered judgment dismissing the complaint and holding that it could not be amended.

This appeal was taken from that judgment and the appellant has assigned as the only error the holding of the court that the complaint did not state facts sufficient to determine a cause of action.

We find that no matter how the complaint may be interpreted it sets up the action created by section 1386 of the Civil Code. That section reads as follows:

"If the estate sold should be encumbered by any non-apparent burden or easement, not mentioned in the instrument, of such a nature that it must be presumed that the vendee would not have acquired it had he been aware thereof, he may request the rescission of the contract, unless he should prefer the proper indemnity.

"During a year, to be counted from the date of the execution of the instrument, the vendee may either institute the rescissory action or request the indemnity.

"After the lapse of one year, he can only demand such indemnity within an equal period, to be counted from the date on which the incumbrance or easement was discovered by him."

It is evident that, this being a precept which foresaw very special cases, it is necessary, in order to bring the action

which it establishes, to plead each and all of the conditions which give origin and life to such an action. It must be shown that the property is encumbered by a non-apparent servitude or charge and that no mention was made of it in the deed; this as matter of fact, as objective element. And it is also necessary that "it should be presumed" that the purchaser would not have acquired it if he had known of the existence of such charge or servitude; this as a deduction more or less proximate from section 1233 of the Civil Code which reads as follows:

"In order that the error may invalidate the consent, it must refer to the substance of the thing, which may be the object of the contract, or to those conditions of the same, which should have been principally the cause of its execution.

"An error with regard to the person shall invalidate a contract only when the consideration of the person should have been the principal cause of the same.

"A mere error of account shall only give rise to its correction."

Those indispensable requisites do not appear from the complaint. The servitude in question, as results from the pleadings, is an apparent servitude, as is usually the case with aqueducts. The plaintiff noticed it when making a tour of inspection of the property at a time unknown, because the record does not show the date of the complaint or of its filing to which reference is made in the averment as to when the plaintiff saw the signs of the servitude, but it does show that he made the inspection after his purchase. The servitude being apparent, this gives to it the publicity necessary for not making its record absolutely indispensable, since it is known by reason of its very apparency. See in this connection the judgments of the Supreme Court of Spain of January 11, 1895; March 23, 1906, and April 5, 1898. The legal doctrine of those judgments and others cited by Morell in commenting in vol. 2 of his work on Mortgage Legislation on section 23 of the Spanish Mortgage Law, is that one has not the character of a third party who acquires property

legally encumbered by a servitude whose existence can not be doubted by reason of ostensible and indubitable signs, even though such servitude be not recorded in the registry.

In bringing an action of this kind the plaintiff should establish the required particulars to bring it within section 1386 of the Civil Code; that is, non-apparent servitude, failure to mention it and the fact that if the purchaser had been aware of it he would not have acquired the property. The complaint herein does not state these things.

The demurrer was properly sustained by the district court.

The judgment appealed from must be affirmed.